UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
SUNTRUST BANK,                )
                              )
     Plaintiff,               )
                              )
          v.                  )   NO.  3:12-0001
                              )
CRAIG B. JONES, et al.,       )   Judge Sharp/Bryant
                              )
     Defendants.              )
```

## MEMORANDUM AND ORDER

Plaintiff Suntrust Bank ("Suntrust") has filed its motion for service of defendant Craig B. Jones by publication (Docket Entry No. 11). As grounds, Suntrust states that it has attempted unsuccessfully to serve Mr. Jones, individually and as president of defendant Craig Jones Corporation, (1) by private process server at an address in Clarksville, Tennessee; and (2) by certified mail and by private process server at an address in Atascadero, California. Plaintiff Suntrust states that defendant Jones's current residence is "unknown and cannot be ascertained upon diligent search and inquiry." (Docket Entry No. 11 at 1). Citing Tennessee Code Annotated § 21-1-204, plaintiff Suntrust seeks an order allowing constructive service of process upon defendant Jones by means of newspaper publication.

For the reasons stated below, plaintiff's motion is **DENIED**.

## Analysis

Rule 4(e) of the Federal Rules of Civil Procedure

provides that service of process may be made upon an individual defendant either by one of the three methods listed in Rule 4(e)(2) or, alternatively, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The federal rules do not authorize service of process by publication in a newspaper. Here, plaintiff Suntrust seeks to proceed in reliance upon Tennessee state law.

Tennessee Code Annotated §§ 21-1-203 and -204 provide for service of process by publication in lieu of personal service in certain actions in Chancery Court. However, Tennessee appellate courts have interpreted these statutes to provide "a way to avoid having to personally serve certain parties when the Chancery Court *otherwise had jurisdiction over the thing in controversy*," such as in actions where the court is acting *in rem*. Continental Ins. Co. v. Masters, 1993 WL 4856 at *2 (Tenn.Ct.App. Jan. 13, 1993) (emphasis in original). Interpreting the statutes relied upon by plaintiff Suntrust, the Tennessee Court of Appeals has stated as follows:

> [Plaintiff's] reliance on the service by publication statutes is misplaced because these statutes do not displace the long-standing principle that a personal judgment cannot be rendered against a non-resident defendant who has been served only by publication. *See Turnblazer v. Smith*, 214 Tenn. 277, 281-82, 379 S.W.2d 772, 774 (1964). Since [plaintiff's] complaint sought a personal judgment against Mr. Gibson, Mr. Gibson was entitled to notice either by personal service

2

> or by service upon someone designated by law as his representative for service. *See Continental Ins. Co. v. Masters,* App. No. 01A01-9206-CH-00254, 1993 WL 4856, at *2 (Tenn.Ct.App. Jan. 13, 1993) (No Tenn. R.App. P. 11 filed).

<u>Karr v. Gibson</u>, 1998 WL 57536 at *3 (Tenn.Ct.App. Feb. 13, 1998).

Suntrust here seeks a personal judgment against defendant Jones for his failure to pay an indebtedness evidenced by a personal guaranty and a promissory note. The record contains evidence that defendant Jones has previously been a resident both of Tennessee and of California. However, from the record, it appears that defendant Jones's current whereabouts are unknown, at least to the plaintiff.

Under these circumstances, the Court finds from the foregoing Tennessee authorities that service of process by publication would be insufficient to support an action for a personal judgment against defendant Jones. For this reason, plaintiff Suntrust's motion for an order authorizing service of defendant Jones by newspaper publication is **DENIED**.

It is so **ORDERED**.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge